| | |
|---|---|
| TYLER N. THOMAS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security <br><br> Defendant. | Case No. 2:16-cv-01429-TLF <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION TO DENY BENEFITS |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Plaintiff, who is proceeding *pro se*, has brought this matter for judicial review of the Commissioner's denial of his applications for disability insurance and supplemental security income (SSI) benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court finds the Commissioner's decision to deny benefits should be affirmed.

## FACTUAL AND PROCEDURAL HISTORY

On May 8, 2013, Plaintiff filed an application for disability insurance benefits and another one for SSI benefits, alleging in both applications that he became disabled beginning January 1, 2010. Dkt. 12, Administrative Record (AR) 8. Both applications were denied on initial administrative review and on reconsideration. *Id.* A hearing was held before an administrative law judge (ALJ), at which Plaintiff, unrepresented by counsel, appeared and

testified as did a vocational expert. AR 25-50.

In a decision dated February 19, 2015, the ALJ found that Plaintiff could perform other work existing in significant numbers in the national economy and therefore that he was not disabled. AR 8-20. Plaintiff's request for review of that decision was denied by the Appeals Council on July 8, 2016, making the ALJ's decision the final decision of the Commissioner, which Plaintiff then appealed in a complaint filed with this Court on September 14, 2016. AR 1; Dkt. 3; 20 C.F.R. § 404.981, § 416.1481.

Plaintiff seeks reversal of the ALJ's decision and remand for an award of benefits on the basis that there is substantial evidence to support a determination of disability. More specifically, Plaintiff argues the ALJ erred:

(1) in evaluating the medical and other evidence in the record;

(2) in failing to consider the combination of Plaintiff's impairments;

(3) in failing to properly consider Plaintiff's complaints of chronic back and knee pain;

(4) in not obtaining a physical and mental evaluation from a medical expert;

(5) in discounting Plaintiff's testimony;

(6) in failing to request or accept evidence from non-medical sources;

(7) in not basing his determination of non-disability on all available evidence, and in failing to request and accept additional evidence;

(8) in assessing Plaintiff's residual functional capacity (RFC); and

(9) in finding Plaintiff could perform other jobs existing in significant numbers in the national economy.

For the reasons set forth below, however, the Court disagrees that the ALJ erred as alleged, and therefore affirms the Commissioner's decision to deny benefits.

# DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial evidence nevertheless will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193.

The Commissioner's findings will be upheld "if supported by inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. Substantial evidence requires the Court to determine whether the Commissioner's determination is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).

I. Medical and Other Evidence

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where

the evidence is inconclusive, "questions of credibility and resolution of conflicts are functions solely of the [ALJ]." *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such situations, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" medical opinions "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, No. 15-16277, __ F.3d __, 2017 WL 2925434, at *7 (9th Cir. July 10, 2017). Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)). However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff asserts the ALJ "did not properly consider reports from the doctor or psychiatrist who have [sic] treated" him, which show chronic pain throughout his medical history. Dkt. 15, p. 9. Plaintiff, however, fails to point to or indicate which physician or psychiatric reports the ALJ allegedly did not properly consider. Rather, the ALJ set out "a detailed and thorough summary of the facts" and medical evidence in his decision, "stating his interpretation thereof, and making findings" as he was required to do. *Reddick*, 157 F.3d at 725; AR 15-17. In addition, the ALJ gave specific reasons for not adopting all of the findings provided by the medical sources in the record (AR 17), and again Plaintiff has not pointed to anything in those stated reasons to suggest that they were improper.

Nor has Plaintiff shown the ALJ failed to properly consider either the combination of his impairments or his complaints of chronic back and knee pain, anxiety, and depression. Dkt. 15, pp. 10-12. At the beginning of his decision, the ALJ gave a detailed discussion of both Plaintiff's physical and mental impairments, finding none those impairments singly or in combination met

or medically equaled any impairment listed in the Commissioner's regulations. AR 10-13. The ALJ then went on to discuss the medical evidence concerning Plaintiff's limitations – including hid complaints of back and leg pain, anxiety, and depression – in assessing his RFC and ability to work. AR 15-19. Once more, though, Plaintiff is unable to point to specific findings or other medical evidence that would contradict the ALJ's conclusions. Indeed, the clinical findings in the record are largely unremarkable, and thus they do not support Plaintiff's allegations of pain and other symptoms to the extent those allegations indicate the existence of greater limitations than the ALJ found. *See* AR 261, 265-66, 288, 291, 304, 309, 318, 324, 330, 341, 343-44, 346-49, 351-56, 358-59, 361, 363-66, 371.

Plaintiff further accuses the ALJ of not basing his determination of non-disability on all available evidence, and in failing to request and accept additional evidence, including obtaining a physical and mental evaluation from a medical expert. Dkt. 15, p. 12. But as already discussed, the ALJ provided a detailed discussion of all the medical evidence in the record, and it is not at all clear what additional evidence exists that the ALJ ignored or should have requested. Plaintiff offers no support for these conclusory allegations, and the Court declines to find any error based thereon. As for obtaining further medical expert evidence, Plaintiff has not demonstrated a need for such evidence.

An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). When a claimant is unrepresented, furthermore, "the ALJ must be especially diligent in exploring for all the relevant facts." *Id.* The ALJ's duty to "conduct an appropriate inquiry" is triggered where the record contains "[a]mbiguous evidence" or the ALJ has found the record to be "inadequate to allow for proper evaluation of the evidence." *Id.* (citations omitted).

1  In this case, the evidence in the record was neither ambiguous nor inadequate to allow for proper
2  evaluation of the evidence contained therein. Indeed, Plaintiff offers no explanation as to why he
3  believes a mental or physical evaluation is required or needed to fully and fairly develop what is
4  already set forth in the record.

II.     Plaintiff's Testimony

Questions of credibility are solely within the control of the ALJ. *Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. Even if the reasons for discrediting a claimant's testimony are properly discounted, that does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834. The evidence as a whole must support a finding of malingering. *See O'Donnell v. Barnhart*, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ also may consider a claimant's work record and observations of

physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. *Id.*

Plaintiff asserts the ALJ did not properly consider his pain testimony, arguing the record contains evidence that he has a medical condition that could cause the pain he alleges. The ALJ did acknowledge that Plaintiff had medically determinable impairments that reasonably could be expected to cause his alleged symptoms. AR 15. However, the ALJ gave valid reasons as to why he found Plaintiff's testimony to be not entirely credible.

The ALJ, for example, noted that "[t]he medical records in this case are extremely limited and fail to support the degree of impairment that" Plaintiff alleged. *Id.* A determination that a claimant's subjective complaints are inconsistent with the medical evidence can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). As discussed above, the objective clinical findings in the record are largely unremarkable, and therefore support the ALJ's determination here.

The ALJ further noted that "[t]he first available treatment records do not begin until" nearly a year after Plaintiff's alleged onset date of disability. AR 15-16. This too is a valid basis for discounting Plaintiff's credibility. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (the fact that the claimant's pain was not sufficiently severe to motivate her to seek treatment, even if she had sought some treatment, was powerful evidence regarding the extent to which she was in pain) *Meanal v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (the ALJ properly considered the failure to request serious medical treatment for supposedly excruciating pain); *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (failure to assert a good reason for not seeking treatment "can cast doubt on the sincerity of the claimant's pain testimony").

The ALJ in addition observed that Plaintiff "reported that he was laid off [as a roofer in

mid-2009,] because there was not enough work and did not allege any inability to perform his job due to his impairment," and that this demonstrated "ability to work a heavy exertional job just prior to the alleged onset date" of disability indicated "an ongoing ability to work at some level, given the minimal findings to show worsening in his [medical] condition." AR 17. This too was a proper basis for finding Plaintiff to be not entirely credible concerning his subjective complaints. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001) (the ALJ properly discounted the claimant's credibility in part due to fact that he left his job for reasons other than his alleged impairment).

Plaintiff does not challenge these stated bases for discounting his credibility. The Court agrees with Plaintiff that the ALJ's reliance on his activities of daily living to find him less than fully credible was not proper, given that the record fails to show he has engaged in those activities for a substantial part of the day, that they meet the threshold for transferrable work skills, or that they otherwise contradict his testimony. *See* AR 36-37, 42-45, 196-99, 227-31, 252; *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007); *Smolen*, 80 F.3d at 1284. But the fact that one of the ALJ's stated reasons was improper does not render the ALJ's credibility determination invalid, as it is supported by the ALJ's other stated reasons. *Tonapetyan*, 242 F.3d at 1148; *see also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (noting that while the ALJ relied on an improper reason, he presented other valid, independent bases for finding the claimant lacked credibility, each with "ample support in the record").

III. <u>Evidence from Other Sources</u>

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably

germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642.

In terms of the lay witness evidence in the record from Plaintiff's mother, the ALJ stated he gave "little weight" to it because:

> Though she opines great impairment in the claimant's physical and mental functioning, her observations are not supported by the treatment notes. During appointments, the claimant is regularly observed to be in no distress, can ambulate without difficulty, and has no problem maintaining attention and interacting with his providers.

AR 18; *see also* AR 226-33. Plaintiff does not challenge the validity of these findings, nor does the Court find any error in regard thereto in light of the largely unremarkable clinical findings in the record noted by the ALJ and discussed above. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with the medical evidence constitutes germane reason); *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ may properly discount lay testimony that conflicts with available medical evidence).

The only error Plaintiff alleges is that the ALJ "failed to request or accept outside source knowledge of" him, such as "testimony from non[-]doctors and individuals who know his history best." Dkt. 15, p. 12. But there is no evidence that the ALJ failed to accept such evidence, as he clearly considered lay testimony from Plaintiff's mother. Further, Plaintiff once more has not pointed to any other specific non-physician testimonial evidence that the ALJ should have been aware of and requested and/or accepted but failed to do so.

IV.     RFC Assessment

The Commissioner employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520, § 416.920. If the claimant is found

disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* A claimant's RFC assessment is used at step four of the process to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. It is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *Id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found Plaintiff had the RFC to perform medium work, except that he would be limited to unskilled work with only occasional public interaction. AR 13. While Plaintiff asserts the ALJ erred in making this assessment, he fails to offer any specific bases for challenging that assessment other than to characterize it as merely "hearsay or a guess," and to claim that the severity of his impairments are "more severe than anyone has mentioned" and that he is unable to perform even sedentary work. Dkt. 15, pp. 10-12. As discussed above, though, the ALJ based his RFC assessment on his thorough discussion of the medical and other evidence in the record (AR 10-18), and accordingly Plaintiff's general assertions of error are rejected.

V. <u>Step Five Determination</u>

If a claimant cannot perform his or her past relevant work, at step five of the sequential disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir.

1999); 20 C.F.R. [§ 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101. An ALJ's step five determination will be upheld if the weight of the medical evidence supports the hypothetical posed to the vocational expert. *Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's functional limitations "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).

The ALJ found Plaintiff could perform other jobs existing in significant numbers in the national economy, based on the vocational expert's testimony offered at the hearing in response to a hypothetical question concerning an individual with the same age, education, work experience and RFC as plaintiff. AR 18-19. Plaintiff argues that in making his determination at step five, the ALJ failed to properly apply the Commissioner's Medical-Vocational Guidelines (the "Grids"). Dkt. 15, p. 11. Again, however, Plaintiff fails to point to any specific error on the ALJ's part here. In addition, given that Plaintiff was found to have both exertional and non-exertional impairments, the ALJ properly used the Grids as a framework to find Plaintiff was capable of performing other jobs at step five.[1] AR 19.

---

[1] *See Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 (9th Cir. 1989) ("In cases where the claimant suffers from both exertional and nonexertional impairments, . . . the [G]rids must be consulted to determine whether a finding of disability can be based on the exertional impairments alone. . . . If so, then benefits must be awarded. However, if the exertional impairments alone are insufficient to direct a conclusion of disability, then further evidence and analysis are required. In such cases, the ALJ must use the [G]rids as a 'framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations.'") (internal footnote and citations omitted).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Plaintiff to be not disabled. The Commissioner's decision to deny benefits therefore is AFFIRMED.

Dated this 9th day of August, 2017.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge